In the Matter of the Accounting of HUBERT G. ROTH et al., as Trustees under the Will of LOUISE VIAU, Deceased.

Surrogate's Court, New York County, July 29, 1949.

*David J. Levy* for trustees, petitioners.

*Robert P. Patterson,* special guardian for Terese D. Roth and others, infants, respondents.

FRANKENTHALER, S. A question has been raised in this proceeding to settle the trustees' intermediate account concerning the computation of annual principal commissions pursuant to subdivision 3 of section 285-a of the Surrogate's Court Act. The account is for the period January 8, 1946, the date of trustees' appointment, to October 11, 1948, the date upon which a portion of the principal was paid to the life beneficiary in accordance with a direction contained in the will. Proper annual principal commissions have been computed for the two full years ending January 7, 1948. The sole question relates to the propriety of allowing annual commissions at this time for the fractional year between January 8, 1948 and October 11, 1948, based upon the principal on hand at the date of the account plus the sum previously disbursed during the year to the life beneficiary.

Subdivision 3 of section 285-a of the Surrogate's Court Act provides: " Such annual additional principal commissions shall be computed on the principal of the trust at the end of the period for which such commissions are payable. Such computation shall be made on the basis of a twelve month period but the amount so computed shall be proportionately reduced in the final period for which such commissions are payable if such final period is less than twelve months."

The court holds that under the provisions of the statute such annual commissions are not to be fixed at this time for a fraction of a year. Furthermore the basis of such computation cannot

include the principal sums disbursed to the life tenant during the year. The statute contemplates a fixation of annual commissions at the end of each twelve-month period based upon the amount and value of the trust assets then held and in the process of administration. The Legislature might have chosen to allow computation of annual commissions to be based upon an average value of the principal during the course of the year, weighted for the period during which each asset was held before disposition and weighted for periodic fluctuations in the market value of properties retained. But such a formula would have been incapable of practical administration. The Legislature instead has chosen to prescribe a formula for the calculation of annual commissions each year upon the value of principal assets on hand at the close of the said year.

Distributed shares may not be considered in that computation of annual principal commissions for the reason that they are not principal on hand at the end of the annual period. Of course, paying-out commissions are allowed for distribution of principal made at any time during the year. But under the statute, annual commissions may not be allowed at the end of a period of less than twelve months, except when such period immediately precedes the final accounting and liquidation of the trust estate. The partial distribution of principal here involved does not constitute such a final payment and liquidation as to fall within the operation of the exception. That exception is based upon the necessity of compensating trustees for the final period of the rendition of their services in cases where the actual duration of the trust is not coterminous with the final twelve-month period.

Submit, on notice, decree settling the account accordingly.